Mr. Robert S. Shafer, Esquire Friday, Eldredge Clark 2000 Regions Center 400 West Capitol Avenue Little Rock, Arkansas 72201-3522
Dear Mr. Shafer:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated act. You have previously submitted similar measures, one of which was rejected due to lack of an enacting clause in the proposed act and problems with the submitted popular name and ballot title. See Op. Att'y Gen. No. 2007-248. On October 4, 2007, this office certified a popular name and ballot title for a similar measure, as evidenced by Op. Att'y Gen. No. 2007-266. You have since elected to make changes to your measure and have submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title are as follows:
 Popular Name AN ACT PROVIDING THAT AN INDIVIDUAL WHO IS COHABITING OUTSIDE OF A VALID MARRIAGE MAY NOT ADOPT OR BE A FOSTER PARENT OF A CHILD LESS THAN EIGHTEEN YEARS OLD
 Ballot Title A PROPOSED ACT PROVIDING THAT A MINOR MAY NOT BE ADOPTED OR PLACED IN A FOSTER HOME IF THE INDIVIDUAL SEEKING TO ADOPT OR TO SERVE AS A FOSTER PARENT IS COHABITING WITH A SEXUAL *Page 2 
PARTNER OUTSIDE OF A MARRIAGE WHICH IS VALID UNDER THE CONSTITUTION AND LAWS OF THIS STATE; STATING THAT THE FOREGOING PROHIBITION APPLIES EQUALLY TO COHABITING OPPOSITE-SEX AND SAME-SEX INDIVIDUALS; STATING THAT THE ACT WILL NOT AFFECT THE GUARDIANSHIP OF MINORS; DEFINING "MINOR" TO MEAN AN INDIVIDUAL UNDER THE AGE OF EIGHTEEN (18) YEARS; STATING THAT THE PUBLIC POLICY OF THE STATE IS TO FAVOR MARRIAGE, AS DEFINED BY THE CONSTITUTION AND LAWS OF THIS STATE, OVER UNMARRIED COHABITATION WITH REGARD TO ADOPTION AND FOSTER CARE; FINDING AND DECLARING ON BEHALF OF THE PEOPLE OF THE STATE THAT IT IS IN THE BEST INTEREST OF CHILDREN IN NEED OF ADOPTION OR FOSTER CARE TO BE REARED IN HOMES IN WHICH ADOPTIVE OR FOSTER PARENTS ARE NOT COHABITING OUTSIDE OF MARRIAGE; PROVIDING THAT THE DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES SHALL PROMULGATE REGULATIONS CONSISTENT WITH THE ACT; AND PROVIDING THAT THE ACT APPLIES PROSPECTIVELY BEGINNING ON JANUARY 1, 2009
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless *Page 3 
the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434,29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, *Page 4 
or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v.McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed initiated act, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that they should be certified as submitted.
I note, however, that you have essentially reinserted and summarized in your ballot title, the last of the four subsections of the "findings" language that I found objectionable in Op. Att'y Gen. 2007-248. In that Opinion, I rejected your submission under A.C.A. § 7-9-107(c) due to the lack of an enacting clause and, among other things, noted that it was improper to summarize four separate subsections of what I termed "preamble" language in your proposed ballot title, especially where the language might be viewed as lending partisan coloring to the merits of the proposal.[1] In Opinion 2007-248, I concluded, in balancing the interests of full disclosure to the voter against the potential for partisan coloring, that "on balance" the previous more expansive preamble language should not be included in the ballot title for your measure.
After I certified a popular name and ballot title for a revised measure you submitted (see Op. Att'y Gen. 2007-266), you have now elected to revise your measure again, to, among other things, add current Section 5 to the text of your measure, which provides that: "The people of Arkansas find and declare that it is in the best interest of children in need of adoption or foster care to be reared in homes in which adoptive or foster parents are not cohabiting outside of marriage." You have summarized this language in your proposed ballot title.
Although there is a potential for "findings" and "declarations" language in initiated measures, and thus ballot titles, to impermissibly veer into the realm of *Page 5 
argument in support of a measure, mere recitations of purpose or declarations of the impetus for the law may not transgress this principle. Cf., e.g., California Gillnetters Association v. Department ofFish and Game, 39 Cal.App.4th 1145, 46 Cal.Rptr.2d 338 (1995) (it was not improper for appellants' two-paragraph prefatory "findings and declaration" section to be included as part of the text of the measure in a ballot pamphlet); and State ex rel. Berry v. Superior Court in and forThurston County, 159 P. 92 (Wash. 1916) (enjoining preparing and printing of petitions for an initiated act containing preamble language that was "polemic," "argumentum ad hominem" and "pure argument," but noting the possible acceptability of preamble language amounting to "mere recital[s] . . . of the declared mischiefs to be remedied" and "proper declarations of purpose").
Although I rejected the inclusion of the more expanded "findings" language in a ballot title for your measure in Opinion 2007-248, I do not find the same degree of partisanship or ad hominem argumentative content with regard to the more abbreviated language of your current Section 5. It asks the people of this State to make a blanket, conclusory "Finding and declaration" concerning the best interests of children. Although this portion of your measure seeks a vote on a factual assertion, I do not view it as impermissibly lending partisan coloring to your proposal. See,e.g., May v. Daniels, 359 Ark. 100, 194 S.W.3d 771 (2004) (upholding popular name "An Amendment Concerning Marriage" as nonpartisan where "[i]t merely alert[ed] voters to the subject on which they w[ould] be voting, without attempting to influence them one way or the other" and stating that the term "marriage" did not evoke the same type of emotional reaction as the phrase "unborn child").
It appears that the language of Section 5, if adopted, may be akin to a non-self-executing policy expression, similar to Section 4 of your measure.[2] See, e.g., Knowlton v. Ward, 318 Ark. 867, 889 S.W.2d 721
(1994) (provision of Amendment 68 to the effect that "[t]he policy of this state is to protect the life of every unborn child from conception until birth . . ." merely expresses the public policy of the state, but does not itself provide any means by which the policy is to be effectuated and therefore cannot be considered self-executing). Cf. alsoSutherland's on Statutory Construction, § 20:12 (Sixth Ed. 2002) (stating that *Page 6 
"[t]he declaration of policy like the preamble is not part of the substantive portion of the statute").
The effect of Section 5, therefore, may not add appreciably to the substance of Section 1(a) of your measure, which unambiguously prohibits the conduct Section 5 finds to be outside the best interests of children. Because it has not yet been adopted, however, it is impossible to state the ultimate effect of Section 5, or to determine to what extent its provisions could give voters "serious ground for reflection" in deciding whether to approve your measure. See Bailey v. McCuen, supra. In exercising my discretion in determining whether to substitute a different ballot title for your measure under A.C.A. § 7-9-107(b), I must weigh, among other things, the potential for any material omissions in the title against the risks of including any language that could be considered partisan or misleading. See generally Op. Att'y Gen. 2007-248. I cannot state, as I found in Opinion 2007-248, that "on balance" the risks of partisanship outweigh the risks of failing to include a summation of the language of Section 5 in your ballot title. I thus conclude that your submitted popular name and ballot title should be certified as submitted.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] In that opinion, I could not simply substitute a different ballot title under A.C.A. § 7-9-107(b) omitting this language in light of the absence of an enacting clause from your measure, which created an ambiguity as to your measure's effectiveness.
[2] Section 4 of your measure states that "The public policy of the state is to favor marriage, as defined by the constitution and laws of this state, over unmarried cohabitation with regard to adoption and foster care."
 *Page 1